PER CURIAM.
The judge of compensation claims (JCC) erred in including in the claimant’s average weekly wage (AWW) the employer’s contributions to the claimant’s medicare benefits. Curry Industries v. Maringer, Case *660 No. 96-2119, — So.2d — (Fla. 1st DCA Feb. 14, 1997). Accordingly, we reverse that portion of the order which included in the claimant’s AWW his medicare contributions as fringe benefits.
We reverse as well that portion of the order which purportedly holds the employer/carrier (E/C) responsible for chiropractic care in excess of eighteen visits. Section 440.13(2)(a), Florida Statutes (Supp. 1994), requires the employer to furnish medically necessary treatment but provides that “[mjedically necessary treatment, care, and attendance does not include chiropractic services in excess of 18 treatments or rendered 8 weeks beyond the date of the initial chiropractic treatment, whichever comes first, unless the carrier authorizes additional treatment or the employee is catastrophically injured.”
We reject the claimant’s argument that the JCC may award payment for unlimited chiropractic treatment unless the E/C raises the statutory limitation as a defense. The carrier did not authorize additional treatment beyond eighteen treatments and the claimant did not attempt to prove he was catastrophically injured. In the absence of a finding that one of the two statutory exceptions existed, the JCC erred in holding the E/C responsible for chiropractic care in excess of eighteen visits.*
We reject the argument raised by the claimant on cross-appeal. The finding that the E/C should be responsible for payment of the chiropractor’s bills beginning July 18, 1994, rather than from the date the claimant first began treating with the chiropractor, is supported by competent, substantial evidence.
AFFIRMED in part, and REVERSED in part.
BARFIELD, C.J., and DAVIS and BENTON, JJ., concur.

 Although the record indicates that the JCC clearly intended to hold the E/C responsible for all chiropractic care subsequent to July 18, 1994, we note that the language of the order may be interpreted to comply with section 440.13(2)(a), Florida Statutes (Supp. 1994). The JCC found the carrier responsible "for the reasonable and necessary chiropractic care" beginning July 18, 1994. The statute clearly defines reasonable and necessary chiropractic care as a maximum of eighteen treatments, unless one of two exceptions is found to apply. In the decretal portion of the order, the JCC ordered the E/C to pay the bill of the chiropractor "in accordance with the medical fee schedule.” The 1991 Florida Workers' Compensation Health Care Provider Reimbursement Manual definition of "medically necessary" emphasizes the statutory limitation for chiropractic treatment.